No. 82-15

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

RANDY KELLER,

Defendant and Appellant.

---

Appeal from:  District Court of the Second Judicial District,
              In and for the County of Silver Bow
              Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

    For Appellant:

        Joseph C. Engel, III argued, Butte, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Sheri Sprigg argued, Assistant Attorney General,
         Helena, Montana
        Robert M. McCarthy, County Attorney, Butte, Montana
        Chris Miller argued, Butte, Montana

---

                            Submitted:   November 17, 1982

                            Decided:     May 5, 1983

Filed:   MAY 5 - 1983

*Ethel M. Harrison*
_____
                            Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant, Randy Keller appeals from a conviction by jury verdict of misdemeanor assault in Silver Bow County District Court. Keller was sentenced to the maximum six months in jail and fined $500. Sentence was stayed pending outcome of this appeal.

Defendant Keller contends that the trial court erred in excluding the testimony of two witnesses who would contradict the testimony of the alleged assault victim, Mike Little. He further contends that the prosecutor wrongfully took advantage of the exclusion of that testimony by pointing out in his closing argument that the defense counsel had promised in his opening statement to produce testimony of witnesses to contradict the testimony of the alleged victim, Mike Little, but then failed to produce the promised testimony. We reverse on both grounds and order a new trial.

The procedural background places the issue in context. Defendant relied on self-defense. The only witnesses to the fight were the defendant and the complaining witness. Defense counsel made his opening statement immediately after the State made its opening statement. Defense counsel told the jury that he would call two witnesses who would contradict the testimony of Mike Little, the alleged victim, as to how the fight started and who was the first aggressor. The witnesses were not eye witnesses to the fight but Mike Little had later told them how the fight started. The State did not object to this statement of what the defense would prove.

2

During the State's case-in-chief defense counsel cross-examined Mike Little and laid the groundwork for the impeachment testimony to come from the two witnesses alluded to in the opening statement. Mike Little denied that he had made statements to anyone indicating that he had started the fight. The State again failed to object to this line of questioning.

However, the State made its move just before the defendant was to present his case. After resting its case the State filed a motion in limine requesting that the defense not be permitted to present the two witnesses who would in essence impeach or contradict the testimony of Mike Little as to how the fight started and who was the first aggressor. The State contended that the defendant had failed to comply with the notice provisions of section 46-15-301(2), MCA, which provides in substance that to rely on self defense the defendant must, at the time of entering his plea, or within 10 days afterward, provide the State with the names and addresses of the self defense witnesses. The statute also contains a good cause exception which excuses a defendant from giving the required notice. The trial court granted the motion in limine and ordered that the defendant could not call witnesses to rebut the testimony of the alleged victim.

The State, however, was not content to abide by the fruits of its successful motion. During the State's rebuttal in closing argument, to which the defense could not respond, the State asked the jury to consider the defendant's failure to produce the witnesses he had promised during his opening statement. The State argued:

3

"Now, Mr. Engle [the defendant's attorney] in his opening statement made a great deal of the fact that he was going to produce evidence showing that Mike Little was a liar. That evidence never appeared. There is no evidence that Mike Little is a liar." (Emphasis added.) (Tr. Nov. 17, 1981 at 2.)

This argument requires reversal. The State, by its successful motion in limine, procured the absence of defense witnesses who would be called to contradict the testimony of the State's chief witness. Having done so, the State could not ethically argue to the jury that defense counsel had failed in his promise to produce witnesses who would contradict the testimony of Mike Little as to how the fight started and who was the first aggressor. It is difficult to conceive of more unfair and prejudicial trial tactics.

We next consider whether the trial court properly excluded the defense witnesses on the grounds that defense counsel had failed to comply with the notice provisions of section 46-15-301(2), MCA, which, among other things, requires that a defendant give notice of intent to rely on self defense and that the defendant supply the prosecution with the names and addresses of witnesses to be called to establish this defense. The statute provides that the notice and names and addresses must be provided to the prosecution "at the time of entering his plea of not guilty or within 10 days thereafter or at such later time as the court may for good cause permit." Section 46-15-301(2)(b), MCA. In fact, this statute contains two references to good cause as a factor in permitting notification and giving names of witnesses after the ten day period has expired.

Although the defendant did not give a formal, written notice within the time limits set by section 46-15-301(2), it is undisputed that the State knew the defendant intended to

4

rely on self defense. The parties dispute, however, whether, at some time before the trial defendant gave the names and addresses of the witnesses to the State. Notwithstanding this factual dispute, under the facts here the trial court abused its discretion in not permitting the defense witnesses to testify.

The State, although faulting defendant for not providing it with names and addresses of self-defense witnesses in advance of trial, filed its motion in limine too late under the local court rules. Yet, the trial court ignored this fact. Rule 6 of the Silver Bow County District Court Rules provides that a motion in limine must be filed before the start of trial. This was not done, and yet the trial court, without considering whether the State had good cause for its late filing, granted the motion in limine. To excuse a late filing it was at least incumbent on the trial court to determine whether the State had good cause for its failure to timely file the motion. And, it was also incumbent on the trial court to determine if the defendant had good cause in failing to comply with the notice statute.

A fair assessment of the procedural context in which the State filed its motion in limine, would have revealed that the State did not have good cause for its late filing. To grant the motion at that juncture could only have resulted in unfair prejudice to the defendant's case in the eyes of the jury.

When the State filed its motion in limine, the defense counsel, without objection from the State, had already committed himself in the opening statement and during the cross-examination of Mike Little, to producing witnesses who would testify that Mike Little had told them a different

5

story as to how the fight started and who was the first aggressor. In failing to object the State waived its right to later file its motion in limine seeking to exclude the testimony promised by defense counsel in his opening statement, the foundation for which was laid by the cross-examination of Mike Little. During cross-examination, Little denied telling anyone that he had started the fight.

After defense counsel had committed himself in the opening statement and cross-examination of Mike Little, to calling the impeachment witnesses, nothing but prejudice could befall the defendant and defense counsel when the trial court granted the State's motion in limine excluding the witnesses. Regardless of whether the prosecutor gilded the lily by his prejudicial comments in closing argument, the jury would believe that defense counsel had not kept his promise and actually was unable to produce witnesses to contradict the testimony of Mike Little. This not only would cause the jury to lose faith in defense counsel, it also had the effect of bolstering the testimony of Mike Little as to how the fight started and who was the first aggressor. In failing to produce the witnesses who would contradict the testimony of Mike Little, the jury would believe defense counsel had not lived up to his promise.

Beyond the manifest prejudice to defendant caused by the State's failure to object we further note that the trial court failed to determine whether defendant had complied with the good cause exceptions to section 46-15-301(2), MCA, which provide that notice can be dispensed with upon a showing of good cause. Although no formal notice was given in compliance with the rule, a dispute exists as to whether defense counsel in fact told the State that he would call

6

self-defense witnesses, and whether he gave their names to the State. The court should have made a factual determination on this question. Furthermore, the record demonstrates that defense counsel had strong legal reasons to believe that, under the circumstances of this case, he was not required to give the notice. He provided authority to the trial court to the effect that a non-incident impeachment witness, one who is called only to impeach a witness on the ground of a prior inconsistent statement, does not fall within the ambit of such a notice statute. Here the witnesses were to be called only to testify that sometime after the fight the complaining witness told them a different version of how the fight started and who was the first aggressor. These factors strongly indicate that regardless of whether defense counsel had technically complied with the notice statute, he nonetheless had good cause for not doing so. Defense counsel simply believed, in good faith, and supported by legal authority, that the notice statute was inapplicable.

The judgment of the District Court is reversed and the cause remanded for retrial.

_Daniel J. Shea_
    Justice

We Concur:

_____
  Chief Justice

_Frank B. Morrison_

7

_John Conway Harrison_

_Gene B. Daly_

_John C. Sheehy_

_____
                Justices


Mr. Chief Justice Frank I. Haswell specially concurring:

I concur in the result reached by the majority on the ground of prejudicial jury argument by the State following exclusion of two witnesses for the defense. I do not concur in the balance of the majority opinion.

_Frank I. Haswell_
                _____
                     Chief Justice

8

Mr. Justice Fred J. Weber specially concurs as follows:

I agree with the conclusion in the majority opinion that the closing argument on the part of the prosecution is a sufficient basis to require reversal and a new trial. However, I do not agree with other portions of the opinion.

Section 46-15-301(2), MCA, requires that a defendant furnish to the prosecution a statement of intention to interpose the defense of justifiable use of force (formerly self-defense) and:

> "(b) if the defendant intends to interpose any of these defenses, he shall also furnish to the prosecution and file with the clerk of the court the names and addresses of all witnesses other than the defendant to be called by the defense in support thereof . . . ." (emphasis added)

The District Court pointed out that the attorney for the defendant on November 6 filed a notice of intent to rely on the defense of self-defense which did not contain the names of witnesses.

The two attorneys disagree on whether or not the names of the witnesses were actually furnished. Following are pertinent portions of the discussion by counsel before the District Court:

> "MR. MILLER [deputy county attorney]: Your Honor, at this time I would like to file with the Court the Motion in Limine which I have drafted requesting that the Court enter an Order in Limine restricting the defendants from calling any witnesses other than Mr. Keller in support of his defense of self defense,
>
> " . . .
>
> "THE COURT: You better sign it. You say he refused despite a demand to do so. When did you make a demand?
>
> "MR. MILLER: On Friday afternoon, or rather Friday morning on the 13th of November. [Trial commenced on November 16.] Mr. Engel informed me that he may have a couple of witnesses, a couple of other witnesses to testify, and I asked him at that time to identify them, and he would not do so, Your Honor.

9

"THE COURT: What did he say?

"MR. MILLER: He said that he would not identify the witnesses; that he did not have to.

"THE COURT: Did you cite the law to him?

"MR. MILLER: I did, Your Honor. He maintained that the witnesses were to testify to a prior inconsistent statement by the victim which argument I believe is speechless, Your Honor, since the inconsistent statement, if it were in fact goes directly to the issue as to who was the first aggressor. That is the heart of the claim of self defense. We have not had the opportunity to discover those witnesses. I believe I heard those witnesses for the first time only during the testimony this morning

" . . .

"THE COURT: Why didn't you [Mr. Engel] tell him who they were?

"MR. ENGEL: I did tell him on Friday morning who they were.

"MR. MILLER: Your Honor, that's not the fact.

"MR. ENGEL: I had two conversations with you, Mr. Miller, one down in your office at which time I felt that it was unnecessary to advise you of the witnesses, but after you dismissed the charge, I told you that the two witnesses were Dave Cote and Rick McGinnis.

"MR. MILLER: I respectfully state that that is not the case, Your Honor.

"MR. ENGEL: You weren't listening then.

"MR. MILLER: The first time I have heard those names was in testimony today.

" . . .

"THE COURT: The Court grants the Motion in Limine for the reason that on the 6th of November, Mr. Engel filed a notice of intent to rely on the defense of self defense. He dated that notice the 4th of November, indicating that he was going to rely on self defense, and he has failed, neglected and refused to provide the State with the names of the witnesses as described by statute."

It is true that defense counsel argued that the last sentence of section 46-15-301, MCA, which states "This subsection does not apply to rebuttal witnesses," is applicable here. As pointed out in the majority opinion,

10

defense counsel argued that a non-incident impeachment witness does not fall within the ambit of the notice statute.

However, the key factor is that the defendant's attorney had the names and addresses of the two witnesses whose testimony would bear significantly upon the question of whether or not the defendant was the first aggressor. Clearly, that relates to justifiable use of force (formerly self-defense). Under the statute the names and addresses of the witnesses should have been furnished to the prosecution at the time of the filing of the notice of self-defense even though the witnesses might be technically classed as rebuttal witnesses, because the essence of their testimony is "in support" of the defense of self-defense. Section 46-15-301, MCA, requires good faith disclosure on the part of both defendant's attorney and the prosecution. Such good faith disclosure was not made by defense counsel.

_____
Justice

11